IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jermaine Wright, Jr. | : | |
| | : | Case No. 1:26-cv-392 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting in Part Request for Leave |
| Capital One, N.A., | : | to File Second Amended Complaint and |
| | : | Denying as Moot Motion to Dismiss |
| Defendant. | : | |

Plaintiff Jermaine Wright, Jr., who is proceeding *pro se*, filed this case against Defendant Capital One, N.A. in state court asserting consumer rights claims.  He filed his initial Complaint on March 17, 2026, and an Amended Complaint one week later on March 23, 2026.  (Docs. 3, 4.)  Capital One removed the case to federal on April 21, 2026.  (Doc. 1.)  Capital One received two extensions of time to respond to the Amended Complaint, and then it filed the pending Motion to Dismiss Plaintiff's Amended Complaint.  (Doc. 9.)  It argues that Wright has failed to allege plausible claims for violations of the Fair Credit Reporting Act ("FCRA") or the Fair Credit Billing Act ("FCBA") and that his negligence claim is preempted.  Wright filed a combined Memorandum in Opposition to the Motion to Dismiss and a Request for Leave to File a Second Amended Complaint.  (Docs. 10, 11.)

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend] when justice so requires."  Claims for violations of the FCRA and the FCBA need not be pleaded with the particularity required by Federal Rule of Civil Procedure 9(b), but they must be pleaded with sufficient facts to state claims that are plausible and not speculative. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  The Court will grant Wright

1

leave to file a Second Amended Complaint to re-state his FCRA and FCBA claims with additional factual support.  This will be his final chance to amend.  However, the Court will deny Wright leave to re-state a negligence claim based on the same operative facts.  "[T]he FCRA preempts both state statutory and state common law claims" so asserting a negligence claim would be futile.  *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 521 (6th Cir. 2019).

For these reasons, Wright's Request for Leave to File a Second Amended Complaint (Doc. 11) is **GRANTED IN PART** as to the FCRA and FCBA claims but **DENIED IN PART** as to the negligence claim.  Capital One's Motion to Dismiss (Doc. 9) is **DENIED AS MOOT**. **Wright must file his Second Amended Complaint on or before August 10, 2026.**  His failure to do so may result in this case being dismissed with prejudice.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

2